# NO. 12-23-00147-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NAKEYTA SHARNS NORRIS,* *APPELLANT* | *§* | *APPEAL FROM THE 420TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *NACOGDOCHES COUNTY, TEXAS* |

## MEMORANDUM OPINION
## PER CURIAM

Nakeyta Sharns Norris appeals her conviction for evading arrest or detention with a motor vehicle. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was indicted for the third-degree felony offense of evading arrest or detention with a motor vehicle.[1] The indictment also contained an enhancement paragraph alleging that she had a prior conviction, elevating her punishment level to that of a second-degree felony with a punishment range between two and twenty years of imprisonment.[2] She pleaded "not guilty" to the offense and the matter proceeded to a jury trial.

The evidence admitted at trial showed that Appellant was at a Family Dollar store when a manager noticed her attempt to steal items for sale. The manager confronted Appellant, who

---

[1] *See* TEX. PENAL CODE ANN. § 38.04 (West 2016).

[2] *See id.* §§ 12.33(a), 12.42(a) (West 2019).

threatened to assault her. Appellant thereafter left the store. The manager observed Appellant's vehicle and called the authorities.

Shortly thereafter, Nacogdoches Police Department Officer Nathan Jessup saw a vehicle in the area matching the description provided by the store manager. He activated his emergency lights and siren. Nevertheless, Appellant passed several potential businesses and parking lots without stopping. Officer Jessup testified that Appellant drove slowly, looked in her rearview mirror several times, and knew that Officer Jessup attempted to stop her. Officer Jessup also testified he saw Appellant moving items in or near the vehicle's console area while driving.

Officer Jessup testified Appellant finally stopped. He approached Appellant's vehicle from the driver's side. He asked Appellant to exit the vehicle multiple times, but she did not comply with his requests. The driver's side window was cracked, so eventually Officer Jessup reached into the vehicle to press the door's unlock button. Though he was successful in unlocking the door, Appellant attempted to roll his arm up in the window, and held the door shut to prevent him from opening it. The officer reached into the window again and grabbed Appellant's wrist, who said, "Okay. I'll get out." However, she did not exit the vehicle. Instead, she grabbed her keys and started the vehicle. Officer Jessup jumped on the vehicle's running boards and prevented Appellant from driving away, but the vehicle was still in gear and rolled forward ten to fifteen feet. Officer Jessup struggled with Appellant to extricate her out of the vehicle, and she continued to resist until he was finally able to subdue her until backup arrived. After other officers arrived, they were able to handcuff Appellant and take her into custody. The trial court admitted the body camera exhibits from the officers, which confirmed Officer Jessup's testimony.

The jury found Appellant "guilty" of the offense. Appellant pleaded "true" to the enhancement paragraph. At the ensuing punishment hearing, the State submitted several judgments evidencing Appellant's extensive criminal history without objection. Ultimately, the jury sentenced Appellant to six years of imprisonment. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well-acquainted with the facts in this case. In

compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[3] We likewise have reviewed the record for reversible error and found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we grant Appellant's counsel's motion for leave to withdraw and affirm the trial court's judgment. As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review on her behalf or she must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered March 28, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of her right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file her own brief. The time for filing such a brief has expired, and no pro se brief was filed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 28, 2024**

**NO. 12-23-00147-CR**

**NAKEYTA SHARNS NORRIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 420th District Court
of Nacogdoches County, Texas (Tr.Ct.No. F2125354)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*